Elmer Carl **LINDE**

v.

**Joseph R. BRIERLEY, Supt. State Correctional Institution, Pittsburgh, Pennsylvania.**

**Civ. A. No. 69–705.**

United States District Court
W. D. Pennsylvania.

Aug. 28, 1969.

MEMORANDUM OPINION

GOURLEY, District Judge.

The matter before the Court is a Notice of Appeal and Petition for Certificate of Probable Cause for appeal from the Order of Court dated July 30, 1969 denying a Petition for Writ of Habeas Corpus without hearing. The adjudication was based upon a full review of the State Court records.

---

The only grounds asserted in the petition were the denial of a right to appeal and right to counsel on appeal from judgment of sentence. In his first post-conviction proceeding in the State Courts, a Habeas Corpus proceeding, the issue was not raised. Petitioner was represented by counsel in that proceeding. In his second post-conviction proceeding in the State Courts, a Post-Conviction Hearing Act proceeding, the issue was raised for the first time. Relief was denied without hearing.

On appeal from the denial of the Post-Conviction Hearing Act Petition, the Supreme Court of Pennsylvania affirmed on the ground that the right to raise the issue had been waived by the failure of petitioner to raise the issue in the first post-conviction proceeding in the State Courts. In so deciding, the Supreme Court of Pennsylvania applied Section 4(c) of the Post-Conviction Hearing Act, 19 Purdons Pa.Stat.Ann. § 1180-4(c) which provides that a petitioner is rebuttably presumed to have waived an issue which he has failed to raise in a prior proceeding. The Supreme Court of Pennsylvania found no facts to rebut the presumption of waiver, although the Post-Conviction Hearing Act Petition did not address itself to that question, and no hearing was held upon the Petition.

The issue of denial of right to counsel then was raised in a Petition for Writ of Habeas Corpus in this Court. The Petition has been denied, without hearing, on the ground that the petitioner knowingly by-passed his state remedies by failing to raise the issue in his first post-conviction proceeding in the State Courts. The determination was based upon a finding from the State Court records that neither the petitioner, proceeding pro se, nor later appointed counsel, upon amending the pro se petition, raised the issue in the first post-conviction proceeding.

Upon review of this Court's decision, I conclude that reason exists for the granting of a Certificate of Probable Cause. To my mind, two questions presented herein may be appropriate for review. One question is whether the facts of record in the State Court proceedings provide a sufficient basis for the Court's conclusion that petitioner knowingly by-passed his state remedies, thus obviating the necessity for a hearing on that question.

The second question is whether in determining the occurrence of a waiver or by-pass of state remedies the same criteria which are applied to the failure to raise constitutional rights at trial are equally applicable to the failure to assert such rights in later post-conviction proceedings. An appropriate order is entered.

### ORDER

And now, this 28th day of August 1969, the Petition for Certificate of Probable Cause and Leave to Appeal in Forma Pauperis are granted.